# Higgins, Appellant, *v.* Price.

*Case stated—Practice, C. P.—Municipalities—Annexation of territory—Constitutional law—Act of April 28, 1903, P. L. 332.*

In determining an issue on a case stated the court cannot go outside of the case stated, nor beyond the issue therein raised, the presumption being that what is not included is kept out for a sufficient reason.

On a case stated to determine whether real estate annexed from a township to a city is liable to the township school district for taxes for the year of annexation, where no mention is made of the Act of April 28, 1903, P. L. 332, and it does not appear from the case stated that the annexation proceedings were under that act, and the decree of annexation stands unreversed and unappealed from, the court in passing upon the case stated cannot determine the question whether the act of 1903 is or is not constitutional.

Argued March 6, 1908. Appeal, No. 63, March T., 1908, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1907, No. 351, for defendant on case stated in suit of Patrick Higgins, collector of school taxes for the School District of Lackawanna Township, v. Luther Price. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine liability of real estate for a school tax. Before EDWARDS, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant on the case stated.

*J. J. Powell* and *William J. Fitzgerald*, with them *Joseph O'Brien* and *John P. Kelly*, for appellant.—Counsel and court have assumed that the constitutionality of the act of 1903 can be decided in this action on the principle that void judgment may be disregarded in any proceeding. If further authority be needed we refer to the following: Norton v. Shelby County, 118 U. S. 425 (6 Sup. Ct. Repr. 1121); Atchison, etc.,

R. R. Co. v. Maquilkin, 12 Kan. 301; Sample v. Pittsburg, 212 Pa. 533; Scott v. McNeal, 154 U. S. 34 (14 Sup. Ct. Repr. 1108).

*W. W. Watson, W. S. Diehl* and *Albert L. Watson,* for appellee.—The constitutionality of the act of 1903, we respectfully submit, is not raised by the terms of the case stated, nor by the facts agreed upon and submitted in the case stated, and, therefore, the case as it appears in the case stated must be passed upon as submitted therein. We contend that this case is limited to the facts agreed upon, and also subject to the principle that the court will not go outside of the case stated nor beyond the issue therein raised, the presumption being that what is not included was kept out for sufficient reason: Philadelphia & Reading R. R. Co. v. Waterman, 54 Pa. 337; Northampton County v. Easton Passenger Ry. Co., 148 Pa. 282.

OPINION BY RICE, P. J., April 20, 1908:

It appears by the case stated that the territory in which the defendant's house and lot are located, being then a part of the township of Lackawanna, "was annexed to the city of Scranton by decree of the court of quarter sessions, made and entered August 8, 1904," and "became a part of said city of Scranton on the first Monday of January, 1905." It appears further that in the same year the school district of the city of Scranton, which comprehends the whole city, levied a tax for school purposes on the defendant's real estate and that he duly paid the tax to the city treasurer. In the same year the school district of Lackawanna township levied a tax of the same amount upon the same property, which he refused to pay. This action of assumpsit to recover it was instituted by and in the name of the collector of taxes of the school district of Lackawanna township.

It is claimed by appellant's counsel that the case turns upon the constitutionality of the Act of April 28, 1903, P. L. 332, that the provisions of the sixth section relative to taxation within the annexed territory are unconstitutional, that these provisions are so connected with the other provisions of the

act that the latter must also be declared unconstitutional, and therefore the decree of annexation was of no effect. On the other hand, the appellee's counsel contend that the constitutionality of the act of 1903 is not raised by the terms of the case stated, nor by the facts agreed upon, and they invoke the indisputable principle that the court cannot go outside of a case stated nor beyond the issue therein raised, the presumption being that what is not included is kept out for a sufficient reason.

There is no stipulation in the case stated that, if the court be of opinion that the act of 1903 is unconstitutional, judgment shall be entered for the plaintiff, nor any stipulation equivalent thereto. The act of 1903 is not mentioned. The stipulation is, that judgment shall be entered for the plaintiff or the defendant as the court shall determine the question whether or not upon the admitted facts the plaintiff is entitled to recover. One of the admitted facts is, that the territory was annexed by the decree of the court of quarter sessions and became part of the city before this tax was levied by the township school district. Notwithstanding this admission, and notwithstanding the absence of anything to show that the decree was appealed from, the court is asked to infer that the legal question raised in this collateral proceeding was the validity of that decree. That inference cannot be drawn with certainty from the terms of the case stated. But suppose it could be, it must then be inferred further that the annexation proceedings were under the act of 1903—a fact not stated nor necessarily to be implied —before the court could reach the question which the appellant's counsel have argued. To draw all these uncertain inferences, and having drawn them, then to decide that the territory never became a part of the city, in the face of the admission that it did, would require a stretch of judicial power which would be unjustifiable under any circumstances. When it is remembered further that the decree stands unreversed and unappealed from, that a similar decree was affirmed by this court in a case where the constitutionality of the act was directly in question (Sheraden Borough, 34 Pa. Superior Ct. 639), that a decision declaring the act wholly unconstitutional and void would indirectly affect other municipalities and produce

great confusion, it is apparent that the question of the constitutionality of those of its provisions which relate to the proceedings culminating in annexation should not be reopened until a case is presented in which it necessarily arises. This is not such a case. Upon the admitted facts judgment was properly entered for the defendant. In putting the decision upon this narrow ground, rather than upon a determination of the question argued by appellant's counsel, we are not to be understood as intimating that the provision of the sixth section relating to taxation within the annexed territory is unconstitutional, or, if it is, that the other provisions relating to annexation cannot be sustained, or are of doubtful constitutionality. We simply decide that these questions are not raised by the case stated.

The judgment is affirmed.