## Powell, Appellant, *v.* Scranton.

*Res adjudicata—Quarter sessions—Equity—Municipalities—Annexation of land.*

An order of the quarter sessions by which territory is annexed to a city, unappealed from, is a final judgment and cannot be attacked in a collateral proceeding in equity.

Argued March 4, 1909. Appeal, No. 68, March T., 1909, by plaintiff, from decree of C. P. Lackawanna Co., Sept. T., 1908, No. 35, dismissing bill in equity in case of David J. Powell v. City of Scranton, City of Scranton School District and F. L. Hitchcock, Treasurer of City of Scranton. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity to restrain collection of taxes. Before EDWARDS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*William J. Fitzgerald,* with him *James J. Powell,* for appellant.—The decree of the quarter sessions and the act of 1903 on which it is founded may be attacked in this case: Fowler v. Eddy, 110 Pa. 117; Norton v. Shelby County, 118 U. S. 425 (6 Sup. Ct. Repr. 1121); Sample v. Pittsburg, 212 Pa. 533; Scott v. McNeal, 154 U. S. 34 (14 Sup. Ct. Repr. 1108); Hunter v. Pittsburg, 207 U. S. 161.

*W. S. Diehl,* with him *David J. Davis,* city solicitor, for appellee.—The court of common pleas has not the right or jurisdiction to review, reverse, nullify or set aside the judgment of the court of quarter sessions: Williamson's Case, 26 Pa. 9; Mill Creek Twp. v. Reed, 29 Pa. 195; Doyle v. Com., 107 Pa. 20; Swatara Twp. School Dist.'s App., 1 Pa. Superior Ct. 502; Wheeler v. Rice, 8 Phila. 115.

OPINION BY ORLADY, J., July 14, 1909:

This case was disposed of in the court below on a bill in equity and a demurrer thereto. After a full argument the demurrer was sustained and the plaintiff's bill dismissed. A reversal of the judgment would mean the overruling of the decision of this court in Sheraden Borough, 34 Pa. Superior Ct. 639, which, after a further examination of the questions involved in that and this case, we are not willing to do. There is nothing to be gained in a review of the reasons for our conclusion as stated in the report of Sheraden Borough case.

A further purpose of the bill is to review and reverse a decree of the court of quarter sessions of Lackawanna county, by which certain territory was annexed to the city of Scranton, which stands unappealed from, and a final judgment. The question raised here in this bill in equity was raised and was fully considered in the court of quarter sessions of Lackawanna county in that case, and it must be conceded that the court of common pleas has no authority to review and set aside the judgment of that court.

Every judgment must be conclusive until reversed. Such is the character, nature and essence of all judgments. If it be not conclusive it is not a judgment. A court must either have power to settle a given question finally and forever, so as to preclude any further inquiry upon it, or else it has no power to make any decision at all. To say that a court may determine a matter and that another court may regard the same matter afterwards as open and undetermined, is an absurdity.

The act of April 28, 1903, P. L. 332, has been declared constitutional by this court in the Sheraden Borough case, and the court of common pleas in the case now before us rightly fol-

lowed the conclusion reached by this court. See further Com. v. Parsons, 217 Pa. 435; Higgins v. Price, 36 Pa. Superior Ct. 215. A special discussion of the facts is not necessary in the light of these decisions. The judgment is affirmed.